**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4683**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DESTINY REBECCA SOMERSALL,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:23-cr-00030-GMG-RWT-1)

Submitted:  June 13, 2024                                      Decided:  June 17, 2024

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Kimberley DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Destiny Rebecca Somersall appeals her conviction and the 480-month sentence imposed after she pled guilty, pursuant to a plea agreement, to sex trafficking of children, in violation of 18 U.S.C. § 1951(a), (b)(1).  Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that there are no meritorious issues for appeal, but questioning whether the district court imposed a substantively reasonable sentence.  Somersall has filed a pro se supplemental brief, asserting that the court unlawfully predetermined her sentence and that counsel rendered ineffective assistance. The Government moves to dismiss the appeal based on the appeal waiver in Somersall's plea agreement.  Upon review, we dismiss in part and affirm in part.

We first conclude that Somersall has waived her right to appeal her conviction and sentence.  A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742.  *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990).  This court reviews the validity of an appeal waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof.  *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver.  *Id.* at 169.  "To determine whether a defendant knowingly and voluntarily agreed to waive h[er] appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms."  *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate

2

rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Based on the totality of circumstances in this case, we conclude that Somersall knowingly and voluntarily entered her guilty plea and understood the appeal waiver. We therefore grant the Government's motion to dismiss in part as to all issues falling within the scope of the appeal waiver.

Turning to Somersall's claim that counsel rendered ineffective assistance, such a claim is more appropriately considered in a postconviction proceeding brought pursuant to 28 U.S.C. § 2255, unless counsel's alleged deficiencies conclusively appear on the record. *See United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023); *see also United States v. Campbell*, 963 F.3d 309, 319 (4th Cir. 2020) (declining to consider claim on direct appeal where the "record fail[ed] to conclusively show ineffective assistance" (internal quotation marks omitted)). Because it does not conclusively appear on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that do not fall within the scope of the appeal waiver and have found none. Accordingly, we grant the Government's motion to dismiss, in part, and dismiss this appeal in part as to all issues falling within the scope of the broad appeal waiver in Somersall's plea agreement. We deny the motion, in part, as to any issues that do not fall within the scope of the appeal waiver and affirm the criminal judgment in part.

3

This court requires that counsel inform Somersall, in writing, of her right to petition the Supreme Court of the United States for further review.  If Somersall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Somersall.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*
